IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PRINCESS DAVID,<br><br>Plaintiff,<br><br>v.<br><br>HONOLULU PASSPORT OFFICE, MELISSA, *Director of Honolulu Passport Agency*,<br><br>Defendants. | Case No. 21-cv-00512-DKW-WRP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (3) DENYING AS MOOT UNTITLED MOTION**[1] |

On December 28, 2021, Plaintiff Princess David ("Plaintiff"), proceeding pro se, filed a Complaint against the Honolulu Passport Office and its Director, who Plaintiff identifies solely as "Melissa" (collectively, "Defendants"). Plaintiff alleges, among other things, that Defendants have refused to give her a passport resulting in various types of damages. Dkt. No. 1 at 5-6.[2] Plaintiff has also filed an application to proceed *in forma pauperis* ("IFP Application"), Dkt. No. 2, and an untitled document in which Plaintiff asks for "an earlier court date…[,]" which the Court will construe as a motion seeking the same relief, Dkt. No. 3.

---

[1] The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).
[2] In citing the Complaint, the Court cites to the page numbers assigned by CM/ECF in the top right-hand corner of the document, *i.e.*, "Page 5 of 9."

I.  **IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).  While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Plaintiff has made the required showing under Section 1915(a) to proceed in this case without prepaying the required fees.  In the IFP Application, Plaintiff states that she is not employed and does not receive any pay or wages.  Plaintiff states that she has received $3,100 of disability income in the last 12 months and has cash or money in a bank account of between approximately $700 to $1,700.[3]  Plaintiff further states that she has no other assets, but also no monthly expenses.  Plaintiff also states that she has credit card debts of more than $4,000 and a "storage" payment of $91.  In light of these figures, Plaintiff's current income falls below the poverty threshold identified by the Department of Health

---

[3]The IFP Application is handwritten and the amount held in cash or a bank account is far from perfectly legible.   Based upon the Court's best guess, the number appears to be either roughly $794 or $1,794.  *See* Dkt. No. 2 at 2.

and Human Services' ("HHS") 2021 Poverty Guidelines. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines. In addition, at least on the current record, Plaintiff appears to have insufficient assets to provide security while still affording the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). As a result, the Court GRANTS the IFP Application, Dkt. No. 2.

## II. Screening[4]

The Court liberally construes a pro se complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As an initial matter, the Complaint is far from clear however construed. While Plaintiff checks a box for basing this Court's jurisdiction on diversity, Plaintiff points to no principle of state law that has been violated. Nor can the Court discern any such violation based on the facts alleged.[5] Further, despite the

---

[4]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[5]The Court notes that the Complaint is directed at a *federal* agency and officer and, at its core, involves the failure to issue a *federal* document−a U.S. passport. It might, thus, seem more

lack of a passport being the apparent engine for this lawsuit, it is far from clear whether Plaintiff intends to use this case as a vehicle to obtain a passport.[6] Instead, it appears that the relief she seeks is directed toward being reimbursed for alleged expenses and/or damages she has incurred in attempting to get a passport in Honolulu.[7]  Other than failing to issue Plaintiff a passport, though, the Complaint alleges no facts suggesting that the Defendants *caused* any of the alleged damages or expenses.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that federal pleading standards ask "for more than a sheer possibility that a defendant has acted unlawfully.").[8]  Instead, Plaintiff simply mentions various alleged grievances with the response to her passport application, while failing to tie any of this alleged conduct with a recognizable claim or injury.

---

logical for this case to be brought under *federal* law.  Plaintiff, however, also points to no federal law that has been violated.

[6] In fact, it is not even clear if Plaintiff is still without a passport.

[7] For example, Plaintiff appears to allege that she lost $500,000 because, in waiting for a passport to be issued, she missed "3 court proceeding[s] & 2 lawsuits[s]…."  Dkt. No. 1 at 5.  Although it appears that Plaintiff mentions this solely in order to satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction, *see id.*, to the extent it is meant to be included in the request for relief, any such claim will not be allowed to proceed.  Put simply, there are no facts Plaintiff could allege that would establish the necessary causation between her waiting for the issuance of a passport and her failure to recoup $500,000 from the lawsuits she was allegedly engaged.  *See Mitchell v. Branch*, 363 P.2d 969, 973 (Haw. 1961) (explaining that, for a tort, a defendant's conduct must be "a substantial factor in bringing about the harm") (quotation omitted).

[8] The only mention of impropriety in the Complaint is that "Melissa" "discriminat[ed]" against Plaintiff.  Dkt. No. 1 at 7.  Simply using the word "discriminat[e]", though, which is what Plaintiff does here, is insufficient.  *See Iqbal*, 556 U.S. at 678 (explaining that the federal rules require more than "unadorned" accusations).

Succinctly, as alleged, this case cannot proceed because no claim is stated in the Complaint. The Complaint is simply too unclear on all relevant matters: the claims, legal authority, relief, and pertinent facts. Therefore, the Complaint is DISMISSED. Nonetheless, if Plaintiff so chooses, she may file an amended complaint. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (explaining that "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

More specifically, should Plaintiff choose to file an amended complaint, she must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional, statutory, or legal right(s) she believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's right(s); and (6) what specific injury she suffered because of a defendant's conduct. If Plaintiff fails to affirmatively link the conduct of a defendant with a specific injury she suffered, the relevant allegations will be dismissed for failure to state a claim.

### III. Untitled Motion

At the same time as filing the Complaint, Plaintiff also filed a document without a title. Dkt. No. 3. Therein, Plaintiff requests "an earlier court date due

to lack of funds to stay here that long[.]" *Id.* at 1. The Court construes this request as a motion for relief ("motion"). In light of the dismissal of the Complaint, the motion is DENIED AS MOOT. To be clear, though, even if the Complaint had not been dismissed, Plaintiff would not be entitled to an "earlier court date." At the very least, before any such event could take place, the defendants would need to be served, and receive an opportunity to respond, to any operative complaint in this case.

## IV.   Conclusion

Plaintiff may have until **January 31, 2022** to file an amended complaint. **The Court cautions Plaintiff that failure to file an amended complaint by January 31, 2022 may result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to serve Plaintiff a copy of form "Pro Se 1" "Complaint for a Civil Case."[9]

---

[9]The Court notes that, although Plaintiff alleges she is "homeless" and "stuck" in Honolulu, Dkt. No. 1 at 5, she provides a contact address in Florida, *see id.* at 2, as well as contact email and telephone information, *see id*. So service of this Order and form "Pro Se 1" can be completed in the most expeditious and hopefully successful manner possible, the Clerk is instructed to serve the same on Plaintiff at the mailing address of record **and** Plaintiff's email address. *Cf.* Local Rule 81.1(d)(1) (allowing service by email where agreed to by a pro se litigant). Put simply, given that Plaintiff does not appear to be presently located in Florida, Plaintiff may not receive notice of service there for some time, if at all. Therefore, for purposes of this Order only, the Court construes Plaintiff's disclosure of her email address to be agreement of service by that method. Plaintiff's request, in the motion, to be contacted by telephone, however, is denied. *See* Dkt. No. 3 at 1.

IT IS SO ORDERED.

Dated: January 7, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*David v. Honolulu Passport Office, et al.*, Case No. 21-cv-00512-DKW-WRP; **ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (3) DENYING AS MOOT UNTITLED MOTION**