IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PRINCESS DAVID,<br><br>    Plaintiff,<br><br>    v.<br><br>HONOLULU PASSPORT OFFICE, MELISSA, *Director of Honolulu Passport Agency*,<br><br>    Defendants. | Case No. 21-cv-00512-DKW-WRP<br><br>**ORDER DISMISSING CASE** |

On December 28, 2021, Plaintiff Princess David ("Plaintiff"), proceeding pro se, filed a Complaint against the Honolulu Passport Office and its Director (collectively, "Defendants"). Plaintiff also filed, among other things, an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2. In a January 7, 2022 Order, the Court granted the IFP Application, but dismissed the Complaint with leave to amend. Dkt. No. 5. The January 7, 2022 Order gave Plaintiff until January 31, 2022 to file an amended complaint. In addition, Plaintiff was cautioned that failure to file an amended complaint could result in dismissal of this action without prejudice.

Since January 7, 2022, Plaintiff has not filed an amended complaint or otherwise responded to the Court's Order in any fashion, even though the deadline to

do so passed more than a week ago. In this light, as indicated in the January 7, 2022 Order and more fully explained below, the appropriate action to now take is dismissal of this case without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)  Before dismissing such an action, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260-61). Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

First, Plaintiff's failure to comply with the January 7, 2022 Order hinders resolution of this case on the merits, and, thus, the public's interest in expeditious resolution of litigation. As such, this factor favors dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Plaintiff's failure to comply with the January 7, 2022 Order hinders this Court's ability to manage its docket. Simply put, this Court cannot manage its docket if litigants, like Plaintiff, fail to timely follow clear instructions, such as the need to file an amended complaint. As such, this factor favors dismissal.

Third, the risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Here, Plaintiff has offered no discernible excuse or explanation for the failure to comply with the January 7, 2022 Order. When a party offers a poor excuse for failing to comply with a court's order (or, in this case, no excuse), the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. As a result, this factor favors dismissal.

Fourth, the Court attempted to avoid a less drastic alternative to dismissing this case. Specifically, Plaintiff was provided with an opportunity to file an amended complaint, provided guidance on how to do so, and warned that failure to comply within the time allowed may result in dismissal of this action. Plaintiff, though, has not availed herself of this opportunity. Thus, the only alternative would be to allow the case to proceed with only bare assertions that do not come close to stating a plausible claim. The Court declines to do that. As a result, this factor favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining that less drastic

alternatives were considered, including warning the plaintiff that failure to comply would result in dismissal).

Finally, because public policy favors the disposition of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. The Court notes, though, that dismissal here is without prejudice.

In summary, with four of the five factors favoring dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the January 7, 2022 Order. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not outweighed by the public policy in favor of resolving a case on the merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (explaining that "dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: February 8, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Princess David v. Honolulu Passport Office, et al.*;
Case No. 21-cv-00512-DKW-WRP; **ORDER DISMISSING CASE**